1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL HUGGINS, an individual,

     Plaintiff,

v.

QUALITY LOAN SERVICING, LP, et al.,

     Defendants.

2:10-cv-1232-LDG-PAL

**ORDER**

Plaintiff Michael Huggins filed this action in the Eighth Judicial District Court of Nevada seeking equitable relief and monetary damages in connection with the planned non-judicial foreclosure sale of his home residence.  Defendants subsequently removed the case to federal court (#1, consent to removal #5).  Now pending before this court are Plaintiff's motion to remand (#15, opposition #16), Defendants' motion to dismiss (#10, joinder #11, opposition #17, reply #19, joinder #20), and Plaintiff's motion for preliminary injunction, filed in state court prior to removal (attached as Ex. C to #1, opposition #13, joinder #14).

**I. Background**

Plaintiff took out a mortgage on a personal residence located in Las Vegas in December 2006.  After receiving notification of a planned non-judicial foreclosure sale of his residence, Plaintiff filed suit in state court on June 29, 2010, alleging twelve causes of action against

1    Defendants.  Plaintiff served Quality Loan Service Corporation ("Quality Loan") on June 30, and

2    Mortgage Electronic Registration Systems, Inc. ("MERS") and One West Bank, FSB ("One West

3    Bank") on July 13.  Quality Loan filed a notice of removal to federal court based on diversity

4    jurisdiction on July 23, and the remaining Defendants consented to removal on July 29.  Plaintiff

5    has subsequently filed a motion to remand, and Defendants have filed a motion to dismiss.

6    Additionally, Plaintiff filed a motion for preliminary injunction in state court prior to removal.

7    The court will now address the parties' motions.

8                                          **II. Analysis**

9    **A. Plaintiff's Motion to Remand**

10          Plaintiff has moved to remand this action to state court.  "On a motion to remand, the

11   removing defendant faces a strong presumption against removal, and bears the burden of

12   establishing that removal is proper."  *Laughlin v. Midcountry Bank*, No. 3:10-CV-0294-LRH-

13   VPC, 2010 WL 2681899, at *1 (D. Nev. July 2, 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564,

14   566-67 (9th Cir. 1992) and *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir.

15   1996)).  Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

16   removal in the first instance," *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.

17   1979), and "the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip*

18   *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 102 F.2d at 566) (internal

19   quotation marks omitted).  "If a district court lacks subject matter jurisdiction over a removed

20   action, it has the duty to remand it, for 'removal is permissible only where original jurisdiction

21   exists at the time of removal or at the time of the entry of final judgment . . . .'" *Sparta Surgical*

22   *Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citing *Lexecon,*

23   *Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 44 (1998)).

24          Plaintiff argues that remand is necessary because of purported procedural defects in

25   removal and because this court allegedly lacks original jurisdiction over Plaintiff's claims.

26                                               2

Defendants, however, contend that removal was proper and that this court has diversity jurisdiction over Plaintiff's claims. The court will now address each of Plaintiff's arguments below.

### 1. Procedural Defects

Plaintiff argues that procedural defects in the removal process require remand because all Defendants failed to timely consent to removal. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). "The rule of unanimity requires that all defendants who have been served must either join in the removal, or file a written consent to the removal." *Fee v. Wal-Mart Stores, Inc.*, No. 2:06-CV-762-KJD-PAL, 2006 WL 3149366, at *3 (D. Nev. Nov. 2, 2006) (citations omitted). Here, Plaintiff's argument is without merit because all Defendants either joined in the notice of removal (#1) or the notice of consent to removal (#5), both of which were filed within the thirty days of service upon the Quality Loan, the first served Defendant. Furthermore, Plaintiff's contention that these filings are defective under Rule 11 is also without merit. Each party, through its attorney, properly signed the respective filings. Therefore, removal was not procedurally deficient.

### 2. Original Jurisdiction

Plaintiff also contends that removal is improper because this court lacks original jurisdiction over his claims. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg.*

1    *Co.,* 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir.

2    1998) (internal quotation marks omitted)).  Accordingly, "[a] defendant may remove an action to

3    federal court based on federal question jurisdiction or diversity jurisdiction." *Philip Morris USA*,

4    582 F.3d at 1042 (citing 28 U.S.C. § 1441).

5           Although Plaintiff devotes most of his briefing to federal question jurisdiction, Defendants

6    filed their notice of removal based upon diversity jurisdiction.  Generally, federal district courts

7    have diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff

8    is different from that of each defendant."  *Philip Morris USA*, 582 F.3d at 1043 (citing 28 U.S.C. §

9    1332(a)).  For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it

10   has been incorporated.  28 U.S.C. § 1332(a)(1).  Here, Plaintiff's citizenship is diverse from that

11   of each Defendant, and the amount in controversy exceeds $75,000.  *See Cohn v. Petsmart, Inc.*,

12   281 F.3d 837, 849 (9th Cir. 2002).  Therefore, because removal was not procedurally defective

13   and because this court has diversity jurisdiction over Plaintiff's claims, Plaintiff's motion to

14   remand is denied.

15   **B. Defendants' Motion to Dismiss**

16          Defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges

17   whether the Plaintiff's Complaint states "a claim upon which relief can be granted."  In ruling

18   upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the

19   complaint need contain only "a short and plain statement of the claim showing that the pleader is

20   entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege "only enough

21   facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

22   544, 570 (2007).  Nevertheless, while a complaint "does not need detailed factual allegations, a

23   plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

24   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

25   *Id.* (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts

26

those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007). Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Ward v. Ryan*, 623 F.3d 807, 810 n.4 (9th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### 1. Claim One – Unfair Lending Practices Under Nev. Rev. Stat. § 598D

Nevada Revised Statutes § 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." Nev. Rev. Stat. § 598D.100(1)(b). None of the Defendants is the original lender on Plaintiff's loan, and "[a] defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim." *Kenneweg v. Indymac Bank*, *FSB*, No. 2:10-CV-1443 JCM (PAL), 2011 WL 13853, at *2 (D. Nev. Jan. 4, 2011); *Freeto v. Litton Loan Servicing, LP*, No. 3:09-cv-00754-LRH-VPC, 2011 WL 112183, at *2 (D. Nev. Jan. 12, 2011). More fundamentally, however, Plaintiff cannot establish that Defendants' actions constituted violations of § 598D.100, or even that his loan constituted a "Home Loan," under the statutory language in place when Plaintiff obtained his loan. *See Weinstein v. Mort. Capital Assocs., Inc.*, Nos. 2:10-CV-01551-PMP-PAL, 2:10-CV-1562-PMP-LRL, 2010 WL 90085, at *3-4 (D. Nev. Jan. 11, 2011); *Huck v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00643-RCJ-VPC, 2010 WL 5464147, at *4 (D. Nev. Dec. 28, 2010). Therefore, Plaintiff has failed to state a claim for unfair lending practices.

### 2. Claim Two – Deceptive Trade Practices

Plaintiff claims that "Defendant [sic] engaged in deceptive trade practices by knowingly making false representations to Plaintiffs [sic] in violation of NRS §598.0915 and NRS §598.0923 . . . ." Compl. ¶ 37. This insufficiently pled claim does not provide the court with any reasonable inference of liability. Plaintiff does not identify any relevant subsection in either statute. *See McCurdy v. Wells Fargo Bank, N.A.*, No. 2:10-CV-00880, 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010) ("Plaintiffs' claim that Wells Fargo engaged in deceptive trade practices by knowingly making false representations to Plaintiffs in violation of NRS § 598.0915 and § 598.0923 . . . . There are several ways in which a person could engage in a deceptive trade practice under those statutes. However, Plaintiffs do not clarify which provision the defendants have violated on the face of the Complaint. As a result, the Court must dismiss the claim."). Plaintiff also fails to allege any specific conduct of any particular Defendant. *See Weinstein*, 2011 WL 90085, at *5 ("Plaintiff has failed to allege consumer fraud with particularity. Plaintiff groups all Defendants together, along with unnamed parties, without identifying which Defendant or non-party engaged in what conduct. Plaintiff does not identify a single representation BAC allegedly made, to whom, when it was made, how it was communicated, or why it is false."). The only allegation Plaintiff makes in support of his deceptive trade practices claim is that "Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold or transferred to any other person in violation of 12 U.S.C. 2605(a)." Compl. ¶ 40. Plaintiff cannot base his deceptive trade practices claim on violation of this federal statute. *See Simon v. Bank of Am.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *8 (D. Nev. Jun. 23, 2010). Even if Plaintiff could, however, § 2605(a) only requires disclosures "at the time of the application of the loan," and none of the Defendants were involved in making Plaintiff's loan. "Further, there are no plausible damages alleged, which flow from the failure to provide a notice of transfer of servicing rights." *Id.* at *9. For these reasons, Plaintiff has failed to state a claim for deceptive trade practices.

**3. Claim Three – Wrongful Foreclosure**

Under Nevada law, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Id.*, *see also Haley v. Elegen Home Lending, LP*, No. 3:10-cv-00046-LRH-RAM, 2010 WL 1006664, at *1 (D. Nev. March 16, 2010) ("An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract.").

Plaintiff has failed to state a claim against Defendants. Plaintiff's wrongful foreclosure claim is premature because Defendants have not yet sold the subject property. *See In re Mortg. Elec. Registration Sys. (MERS) Litig.*, --- F.Supp.2d ----, 2010 WL 4038788, 6 -7 (D. Ariz. Sep. 30, 2010) ("[A] claim for wrongful foreclosure does not arise until the power of sale is exercised.") (citing *Collins,* 662 P.2d at 623); *Haley*, 2010 WL 1006664, at *1 ("Haley filed his complaint before the property was sold. As such, his claim for wrongful foreclosure is premature and not actionable.") (citations omitted). However, insofar as Plaintiff requests injunctive relief from harm arising out of a planned foreclosure sale, "[Plaintiff's] claim for wrongful foreclosure [also] falls short because [he has] failed to allege that [he was] not in default on [his] loan obligations . . . ." *Brey v. M&I Bank*, No. 2:09-CV-02417-KJD-RJJ, 2010 WL 3526297, at *5 (D. Nev. Sep. 2, 2010). "[A] viable wrongful foreclosure claim requires that [Plaintiff] demonstrate that [he] had not breached [his] obligations under the notes when the foreclosure proceedings were instituted." *Cole v. CIT Grp./Consumer Fin., Inc.*, 2010 WL 5134999, at *1 (Nev. Dec. 9, 2010). Plaintiff has failed to allege that he is not in default on his loan obligations, and consequently cannot state a valid claim for wrongful foreclosure. *See King v. GMAC Mortg., LLC*, No. 2:09-

CV-1425 JCM (LRL), 2010 WL 4983297, at *2 (D. Nev. Dec. 2, 2010) ("Here, plaintiff's claim fails as a matter of law because she admits that she had fallen behind on her mortgage payments, meaning she is unable to show that, at the time of foreclosure, no breach of performance under the mortgage contract had occurred"); *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, --- F.Supp.2d ----, 2010 WL 4038788, at *7 ("By failing to plead that their loans are not in default, all of Plaintiffs' claims for wrongful foreclosure are barred as a matter of law and will be dismissed for failure to state a claim."); *Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-00476-RLH, 2010 WL 2757971, at *2 (D. Nev. July 12, 2010) ("In this case, Hasan does not dispute his delinquency on the mortgage payments nor does he allege that he cured his default prior to the trustee sale of his property. Thus, Hasan fails to state a valid claim for wrongful foreclosure."). Therefore, Plaintiff has failed to state a claim for wrongful foreclosure.

### 4. Claims Four and Five – Conspiracy to Commit Fraud and Conversion; Conspiracy to Commit Fraud Related to the MERS System

Plaintiff's fourth claim alleges that Defendants "formed an association to conspire to deprive Plaintiff of his property through fraud and misrepresentation that would result in Plaintiff entering into loan agreements for which he was ultimately not qualified," Compl. ¶ 51, and Plaintiff's fifth claim alleges that Defendants conspired to commit fraud via use and promotion of the MERS system, *id.* ¶¶ 64-79.  Under Nevada law, "an actionable civil conspiracy-to-defraud claim exists when there is (1) a conspiracy agreement, *i.e.,* 'a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another;' (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005) (some internal quotation marks omitted), *overruled on other grounds by Buzz Stew, LLC v. City of North Las Vegas,* 181 P.3d 670 (Nev. 2008).  "To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure

9(b) and inform each defendant of its actions that constituted joining the conspiracy." *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-CV-1443 JCM (PAL), 2010 WL 4386958, at *4 (D. Nev. Oct 29, 2010); *Graziose v. Am. Home Prods. Corp.,* 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Ness v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).  Here, Plaintiff's conclusory allegations do not sufficiently plead fraud or ascribe any particular acts to any particular Defendant.  Furthermore, other courts have dismissed conspiracy claims based on allegations identical to those in Plaintiff's Complaint.  *See Anderson*, 2010 WL 4386958, at *4; *Simon*, 2010 WL 2609436, at *10-11.  Therefore, Plaintiff has failed to state valid conspiracy claims.

**6. Claim Six – Inspection and Accounting**

Plaintiff makes a claim for "inspection and accounting," alleging that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees . . . [and] proper discovery and accounting will reveal the 'true realized' status of the account as stated."  Compl. ¶ 81.  "An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant."  *Anderson*, 2010 WL 4386958, at *4 (citing *McCurdy,* 2010 WL 4102943 (D. Nev. 2010)).  Absent special circumstances, no such relationship exists between a lender and a borrower.  *Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 882 (9th Cir. 2007).  Plaintiff has failed to allege any special circumstances sufficient to give rise to any special relationship, *see Anderson*, 2010 WL 4386958, at *4; *Simon*, 2010 WL 2609436, at *11, and has failed to plead any related, actionable claims upon which this cause of action could be based, *see Simon*, 2010 WL 2609436, at *11.  Therefore, Plaintiff has failed to state a valid claim for inspection and accounting.

**7. Claim Seven – Unjust Enrichment**

Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.* The doctrine of unjust enrichment thus only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* (quoting 66 Am. Jur. 2d *Restitution* § 11 (1973)).

Plaintiff has failed to state a valid claim for unjust enrichment. Plaintiff's unjust enrichment claim fails because it is based upon an express, written contract. *See Duncan v. Countrywide Home Loans, Inc.*, No. 3:09-CV-00632, 2010 WL 5463863, at *6 (D. Nev. Dec. 28, 2010) ("Here, Plaintiffs specifically allege contracts. Those contracts, the notes and deeds of trust, specify their terms."); *Josephson v. EMC Mortg. Corp.*, No. 2:10-CV-336 JCM (PAL), 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Since there is no dispute with regards to the existence of an expressed [sic] agreement, the loan, the plaintiffs are unable to claim unjust enrichment."); *Anderson*, 2010 WL 4386958, at *4 ("Here, the plaintiff's loan documents created the express, written agreement upon which the plaintiff bases a majority of his claims. Accordingly, there can be no agreement implied where there is an express agreement, and claim seven [unjust enrichment] is dismissed as to all defendants."). The note and deed of trust specifically "guided the interactions, obligations, and rights of the parties. As such, [Plaintiff] cannot make a claim in equity for actions that are controlled by a contract to which [he is a party]." *Kenneweg*, 2011 WL 13853, at *4. Therefore, Plaintiff has failed to state a valid claim for unjust enrichment.

### 8. Claim Eight – Quiet Title

"An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property." *Anderson*, 2010 WL 4386958, at *4 (citing *MacDonald v. Krause,* 362 P.2d 724 (Nev. 1961)).  Plaintiff's only allegation in support of this claim is that Defendants "improperly and/or unlawfully" initiated foreclosure proceedings against him, but Plaintiff has failed to state an actionable basis supporting either improper or unlawful activity.  Furthermore, a widely accepted rule in such actions is that the party must tender any outstanding loan amount prior to seeking equitable relief.  *See, e.g.*, *Anderson*, 2010 WL 4386958, at *5; *Simon*, 2010 WL 2609436, at *12-13.  Plaintiff has failed to allege that he is not in default on his loan or that he has made an offer of tender.  For these reasons, Plaintiff has failed to state a claim for quiet title.

### 9. Claim Nine – Breach of Good Faith and Fair Dealing

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426-27 (Nev. 2007).  Where one party to a contract "deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Plaintiff has failed to state a claim for relief.  Plaintiff alleges that Defendants owed duties to "pay as much consideration to Plaintiffs [sic] financial interests as to their own financial interests" and to "comply with all applicable laws of the State of Nevada and published by HAMP guidelines and requirements . . . ."  Compl. ¶ 101.  As to Defendants' first alleged duty, "it is simply not required by law." *Simon*, 2010 WL 2609436, at *13.  As to their second alleged duty, Defendants must certainly comply with all applicable laws.  However, Plaintiff has failed to state a cause of action for breach of good faith and fair dealing based on mere reference to HAMP or state

11

1    laws.  Plaintiff's factual allegations offered in support of this cause of action merely address

2    circumstances preceding his contract or laws extraneous to the formation or execution of that

3    agreement.  Plaintiff has simply failed to allege any facts to support a claim that Defendants

4    deliberately contravened either the intention or spirit of the underlying contract.  Therefore,

5    Plaintiff has failed to state a cause of action for breach of good faith and fair dealing.

6        **10. Claims Ten, Eleven and Twelve – Injunctive Relief, Declaratory Relief, and**

7        **Rescission**

8        Plaintiff's tenth, eleventh, and twelfth claims, for injunctive relief, declaratory relief, and

9    rescission, are technically prayers for relief, not independent causes of action.  *See, e.g.*, *Anderson*,

10   2010 WL 4386958, at *5.  Consequently, these claims must fail because Plaintiff has failed to

11   state a valid claim upon which relief may be granted.  Therefore, Plaintiff's claims for injunctive

12   relief, declaratory relief, and rescission are dismissed.

13   **C. Plaintiff's Motion for Preliminary Injunction**

14       Plaintiff has filed a motion for preliminary injunction. An injunction is "an extraordinary

15   remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

16   *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citations and internal quotation

17   marks omitted).  A party seeking a preliminary injunction must demonstrate (1) that it is likely to

18   succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary

19   relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public

20   interest.  *Id.* (citing *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 129 S.Ct. 365, 374, 172

21   L.Ed.2d 249 (2008)).  As demonstrated above, Plaintiff has failed to demonstrate any likelihood of

22   success on the merits.  Therefore, Plaintiff's motion for preliminary injunction is denied.

23                                **III. Conclusion**

24   For the reasons stated above,

25       THE COURT HEREBY ORDERS that Plaintiff's motion to remand (#15) is DENIED.

26

                                      12

1    THE COURT FURTHER ORDERS that Defendants' motion to dismiss (#10, joinder #11)
2  is GRANTED.
3    THE COURT FURTHER ORDERS that Plaintiff's motion for preliminary
4  injunction(attached as Ex. C to #1) is DENIED.
5
6    Dated this _____ day of January, 2010.
7
8    _____
     Lloyd D. George
9    United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26